THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | :Crim. No. (PX) 21cr47-005 | |
| | : | |
| v. | : | |
| | : | |
| *BRIAN ZELAYA MEJIA* | : | |
| | : | |

### DEFENDANT'S SENTENCING POSITION

***COMES NOW,*** Brian Zelaya Mejia, the defendant, through undersigned counsel, and moves this Honorable Court accept the Rule 11(c)(1)(C) plea agreement, and sentence him to 72 months imprisonment, pursuant to the agreement.

### I.      Procedural Background

On or about June 29, 2021, Mr. Zelaya Mejia was arrested and detained in Texas pursuant to this case.  He has been detained since the date of his arrest.

On March 24, 2023, Mr. Zelaya Mejia plead guilty to Count One of the Second Superseding Indictment with Conspiracy to Participate in a Racketeering Enterprise, in violation of 18 U.S.C. §1962(d), pursuant to a Rule 11(c)(1)(C) plea agreement with an agreed upon sentence of 72 months incarceration.

### II.      Statutory Framework/Guidelines

### a.   Calculations

Mr. Zelaya Mejia pled guilty to the offense of Conspiracy to Participate in a Racketeering Enterprise, in violation of title 18 U.S.C. §1962(d).  As part of the offense, he accepted responsibility for being an accessory after the fact to a murder and to extortion.  He agrees with the calculations in the pre-sentence report which finds that the combined offense level is 31, and that he warrants a reduction of 3 points for acceptance of responsibility with an adjusted offense level 28.  As he has no prior convictions he is in criminal history category I. For a criminal history category I, offense level 28, the Guidelines recommend a sentencing range of 78-97 months incarceration.

The statutory maximum term of imprisonment is 20 years pursuant to 18 U.S.C. 1962 (d) and 1963 (a).

The plea agreement is merely 6 months outside of the guideline calculations.

### III.  Additional Sentencing Factors Pursuant to 18 U.S.C. §3553

Mr. Zelaya Mejia urges this Honorable Court accept the plea offer and sentence him to 72 months.  The sentence he moves for is reasonable in light of his lack of a criminal record, and is consistent with sentences imposed on other similarly situated persons.  A greater sentence would be overly punitive, unreasonable, a waste of tax payer expenditure and is not warranted in this case.  In conjunction and consideration of the other §3553(a) sentencing factors the court must take into account, such a sentence is reasonable and just.

**(a) <u>Reflect seriousness of the offense and promote respect for the law, 18 U.S.C. §3553(a)(2)(A)</u>**

The offense in question was extremely serious, an individual was intentionally killed but Mr. Zelaya Mejia was not involved in the killing but rather in the covering up of the murder. Additionally, the extortion of individuals was also a serious offense.

The sentence requested does promote respect for the law as it is merely 6 months below the guideline recommendation and well within the sentence authorized by the Code. There is no mandatory minimum sentence required.

**(b) <u>Personal Characteristics</u>**

Mr. Zelaya Mejia is a young man, only 25 years old. He has no prior convictions. His only prior criminal arrest pertains to his immigration status as a removable alien.

As in many of these cases of MS-13 associates, Zelaya Mejia's childhood was less than desirable. His parents came to the United States when he was only 10 years old, leaving him in the care and custody of his grandparents who lived in very poor conditions. When his family was ready to bring him to the United States, he was 15 years old. The bonds between he and his parents were broken during that 5 year period. Although, they appear to have been re-established to some degree, his father passed away when he was approximately 17 years old. The lure of the gang filled the voids in his life and provided him what he believed he needed.

3

**(c) Deterrence**

A sentence of 72 months will deter Zelaya Mejia.  It is a significant amount of time to make him understand that his association with the gang will only cause him to once again engage in conduct which will result in a life in jail rather than a life of freedom.  He has no prior convictions so he is not someone stuck in the revolving door of criminal activity.

The sentence will also put others on notice that if they join the gang and are involved in similar conduct they will face a lengthy sentence.

**(d) The Sentence Recommended Ensures There Will be no Unwarranted Sentencing Disparity Issues**

As noted in the Government's sentencing memo, the sentence of 72 months is consistent with that of a similarly situated co-defendant.

Additionally, as Mr. Zelaya Mejia is not a United States citizen, he will most probably not be released to a halfway house to serve out his last 6 months in prison.  Hence the 72 month sentence places him in the same position of an American citizen who would be released to a halfway house to serve out the last 6 months of their sentence.  Additionally, because he is not a citizen, he will most probably not receive First Step Act time credits to apply to his prison sentence.  Thus the sentence requested here, also provides some parity to those who might be in a position to earn credits which they could apply toward pre-release custody or supervised release for an earlier release date.

4

## IV.    Conclusion

Mr. Zelaya Mejia moves this Honorable Court accept the 11(c)(1)(C)

plea agreement and sentence him pursuant to the agreed upon sentence of 72

months imprisonment.

Respectfully submitted,

ELITA C. AMATO

/s/
_____
Elita C. Amato, Esq.
 2111 Wilson Blvd.,
8th Floor
Arlington, VA  22201

Tele:  703-522-5900

## CERTIFICATE OF SERVICE

I hereby certify that this Memorandum is served on government
counsel, through the ECF system, on this day, 14th day of July,
2023.

_____/s/_____

Elita C. Amato