IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Greenbelt Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | Case No.: PX 21-cr-00047 |
| v. | |
| AUGUSTINO RIVAS RODRIGUEZ, | |
| Defendant. | |

DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

COMES NOW DEFENDANT, Augustino Rivas Rodriguez, through undersigned counsel, and submits this Memorandum in Aid of Sentencing.

*Concise Sentencing Argument*

Mr. Rivas respectfully submits that the facts of the case, his participation in the conspiracy, his personal history, and the joint government and defense agreement to submit the plea agreement to this Court pursuant to Fed.R.Crim.P. 11 (c)(1)(C) all lead to the conclusion that the agreed upon sentence of incarceration of 192 months (16 years) is a just and fair sentence. Mr. Rivas also requests that the Court specifically note on his judgment and commitment order that he should be given credit for time served from the arrest date of June 30, 2021.

*Presentence Report – Credit for Time Served*

Mr. Rivas has reviewed the presentence report investigation (PSR) with undersigned counsel. The PSR was read and reviewed with Mr. Rivas, in his native

language Spanish, by undersigned counsel who is fluent in Spanish.  After reviewing the report, Mr. Rivas reports no inaccuracies and offers no objections to the facts and legal conclusions contained therein.  However, the report should reference the cases and date from which Mr. Rivas should receive credit for time incarcerated for his conduct.

The conduct referenced is that which was later incorporated into the current case before this Court.  This conduct was originally charged in this courthouse in June of 2021.  Mr. Rivas was arrested, made an initial appearance before the Honorable Magistrate Judge Charles B. Day, and was held without bond on June 30, 2021, in the case of CBD 21-mj-01916-1.  Thereafter, Mr. Rivas was indicted and proceeded as a defendant in the case of *United States v. Torres,* PX 21-cr-00251.  Therefore, Mr. Rivas has been held without bond on conduct related to the instant case since June 30, 2021, based upon the two above-referenced cases.

The details above are emphasized so there may be no misunderstanding with Bureau of Prisons officials tasked with the calculation of  Mr. Rivas' sentence.  Mr. Rivas submits that the parties have jointly reviewed the original charging documents dating back to June of 2021, as well as the underlying conduct, and concluded that the complaint supporting his original charge and arrest on June 30, 2021, are related to the conduct charged in the case now before this Court for sentencing.  Therefore, the parties agree that Mr. Rivas warrants credit for time served incarcerated from June 30, 2021.

*Proposed Sentence – Statutory Maximum & Guideline Recommendation*

Mr. Rivas respectfully submits, jointly with the government, that the Rule 11 (c)(1)(C) proposed term of imprisonment of 16 years is an appropriate sentence. The proposed Rule 11 term of incarceration is admittedly 4 years below the statutory maximum for his charge. 18 U.S.C. §§ 1962(d) and 1963(a)(20-year maximum sentence). PSR, p.16 ¶82. Additionally, the Sentence Guideline range, based upon a total offense level of 37, and a criminal history category of I, is a range is 210-262 months. USSG § 5G1.1(c)(1). PSR, p.16 ¶83  Therefore, there is an 18-month span between the low-end of the guideline range and the proposed 16-year term of incarceration. Considering similarly situated defendants, with similar conduct, the proposed term of imprisonment of 16 years is a fair and just sentence. 18 U.S.C. § 3553(a)(6).

Finally, since Mr. Rivas is not a U.S. citizen, another aspect of any punishment imposed by this Court, is his removal from this country. PSR, p.13 ¶66. As a non-citizen, Mr. Rivas will endure his term of incarceration without end-of-sentence half-way house options, and limited Bureau of Prisons programing and security mitigation (limits on how low his security status will be allowed). Simply because of his immigration status, he will endure a harsher sentence than one imposed on a similarly situated defendant who is a citizen of the United States. See *United States v. Smith*, 27 F.3d 649 (D.C. Cir. 1994). Accordingly, this further supports the agreed upon sentence of 16 years.

*Substance Abuse*

The PSR supports a conclusion that Mr. Rivas abused marijuana over an extended period of time, and on a daily basis since he was 16 years old. PSR, p.15 ¶77. Given an absence of any past substance abuse treatment, Mr. Rivas would no doubt benefit from substance abuse education and treatment as offered by the Bureau of Prisons.

*Waiver of Fine*

Mr. Rivas respectfully requests that the Court not impose a fine as he does not have the financial means to pay the fine. PSR, p.15 ¶81.

Filed this 27th day of July 2023.

                Respectfully submitted,

                RETURETA & WASSEM, P.L.L.C.

By: _____
     Manuel J. Retureta, Esq.
     Maryland Federal Bar #27148
     300 New Jersey Avenue, NW, Suite 900
     Washington, D.C. 20001
     202.450.6119
     MJR@RETURETAWASSEM.COM

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing filing was served upon counsel for all parties via electronic mail on this July 27, 2023.

By: _____
Manuel J. Retureta, Esq.